**In re JONES.**

**Patent Appeal No. 4809.**

Court of Customs and Patent Appeals.

Jan. 3, 1944.

Wilbur C. Jones, pro se.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 9 to 13, inclusive, in appellant's application for a patent for an alleged invention relating to improvements in so-called "paper match books."

The appealed claims read:

"9. A match book comprising a strip of flexible material, such as cardboard, a card of matches, and a staple; the matches disposed upon the cardboard, one end of the cardboard, turned over the heads of the matches and the edge thereof disposed above the stub ends of the matches, the other end of the cardboard being turned over upon the stub ends of the matches and the edge of the first mentioned end of the cardboard, and a metallic staple passed through the cardboard, the stub ends of the matches, and the turned-over end of the cardboard above and in contact with the first mentioned turned-over end, and a part of the staple bent over this said bent-over end of the cardboard and countersunk in the material thereof, forming a crease or channel therein and holding the edge of the first mentioned cardboard beneath against accidental displacement.

"10. The subject-matter of claim 9 wherein the first mentioned turned-over end of the cardboard has upon its outer surface and outside the other turn-over end of the cardboard frictional material which is exposed for the striking of a match.

"11. The subject-matter of claim 9 wherein the staple is of a U shape and has the head portion bent over upon the surface of the second mentioned turned-over end of the cardboard and is partly countersunk within the material thereof.

"12. The subject-matter of claim 9 wherein the staple is of a U shape and is inserted from the back of the cardboard and has the prongs bent over upon and above both the surface edges of the mentioned turned-over ends of the cardboard and has the said prongs partly countersunk in the surface.

"13. The subject-matter of claim 9 wherein the staple is of U shape and has the prongs bent over the second mentioned end of the cardboard and into contact with the surface of the first-mentioned turned-over end of the cardboard."

The reference is: Freedman, 1,851,042, March 29, 1932.

Appellant's match book comprises a strip of flexible material, such as cardboard, a so-called "card of matches," and a staple which, it is stated, is U-shaped. The prongs of the staple pass through the cardboard, the stub end of the card of matches, and the turned-over end of the cardboard at the stub end of the match book. The end of the movable cover flap or tongue of the match book is covered with an abrasive or frictional material, and is designed to fit snugly underneath the opposite or turned-over end of the cardboard.

We quote as follows from appellant's application:

"My invention consists, generally stated, in certain novelties of construction and in the combinations of parts as herein shown by the figures of the drawing and described and claimed; and, specifically, it consists in providing a staple having the head or one prong or both prongs turned or bent over upon and parallel with or angularly disposed relatively to the length of the book, said staple having the head or prong parallel or angularly disposed to the length of the book, both prongs being turned over or the head thereof only and *partially or wholly embedded in the material* of the turned-over end of the cover at the stubbed end of the matches *so as to form a crease or channel or corrugation in the outer surface of the free end of the closed cover which prevents its sidewise movement when closed,* and, further, I provide the outer surface of the end of the cover with *frictional material* which *extends outside the edge of the turned-over end of the covering far enough to be engaged by a match when struck.*

\*    \*    \*    \*    \*

"The head or U-shaped part of the staple is bent over and countersunk by pressure or a blow into the turned-over or stub end of the material of the covering, at the same time forming a groove or corrugation * * * in the surface of the end of the cover or tongue. *This crease interlocks frictionally with the crease or indentation in the turned-over or stub end of the covering above it* and holds the cover closed and at the same time holds the cover against sideways movement when a match strikes the frictional material projecting above." (Italics not quoted.)

As stated in his application, the purpose of appellant's alleged invention is to provide a match book with means for holding the tongue or movable cover flap in a closed position when the book is not in use so as to prevent accidental ignition of the matches. A further object of appellant's device is to prevent the striking of a match on the abrasive or frictional material when the cover of the book is open.

In his device, appellant forms a crease or groove in the edge of the tongue or cover flap, as well as in the opposite or turned-over end of the cardboard, as stated by the Primary Examiner, "by bending part of the staple of the match book over upon the short tuck flap at the base of the match book, and then, while the cover flap is in its closed position, applying pressure upon such bent-over portion of the staple so as to embed or countersink the same into the material of the tuck flap, *such pressure causing an impression to be formed in the tuck flap and the underlying part of the cover flap.*" (Italics not quoted.)

The patent to Freedman discloses a match book somewhat similar to that of appellant. The staple used by Freedman may be either triangular or substantially U-shaped. It is stated by the patentee that the legs or prongs of the staple pass through the back of the cardboard material, the stub end of the card of matches, and that portion of the cover turned over the stub end of the matches, and are clenched on the last named portion of the cover so as to bring resilient pressure upon the end of the tongue or cover flap when in closed position. The purpose of the patentee's arrangement is to hold the tongue or movable cover flap in closed position when the match book is not in use so as to prevent accidental ignition of the matches.

Claim 9 differs from the Freedman reference in that the staple is countersunk in the turned-over end of the cardboard at the base of the card of matches so that a crease or channel is formed therein.

Claim 10 is the same as claim 9, except that the end of the tongue or cover flap is provided with abrasive or frictional material for the striking of matches, and for aiding in holding the flap in closed position by frictional engagement with the opposite or turned-over end of the cardboard.

Claim 11 is similar to claim 9 except that it specifies that the staple shall be U-shaped.

Claim 12 is similar to claim 9, except that it provides for a U-shaped staple inserted from the back of the match book, having its prongs "bent over upon and above both the surface edges" of the turned-over portion of the flexible cardboard.

Claim 13 is similar to claim 9 except that it calls for a U-shaped staple with its prongs bent over the base portion of

the flap and "into contact with the surface" of the tongue portion.

In his statement to the Board of Appeals, the Primary Examiner said that the patentee Freedman relied upon *friction* to hold the tongue portion in position, whereas appellant relied upon a "slight deformation of the flaps produced by embedding the staple in the material of one of the flaps." The examiner further said that, although there was a difference between appellant's structure and that disclosed in the reference, it was "not of sufficient importance to warrant the grant of a patent," and that if the patentee's staple happened to be subjected to a blow, portions of the staple would become embedded in the turned-over end of the cardboard, with the result that the tongue or cover flap would be held firmly when in closed position. The examiner was of opinion that if the Freedman disclosure was not satisfactory, it would be an obvious matter to adjust the staple by countersinking it so as to exert sufficient pressure to hold the tongue or cover flap securely in closed position.

The Board of Appeals concurred in the views expressed by the examiner.

It is true that there is no statement in the Freedman patent that the prongs of the staple should be countersunk. However, no such suggestion would be necessary to one skilled in the art, if it were desired to exert more pressure upon the turned-over end of the cardboard in order to hold the tongue or cover flap more securely in closed position. It will be observed, furthermore, that, although appellant states in his application that a crease or channel is formed in the end of the tongue or cover flap, as well as in the turned-over end of the cardboard, that feature is not set forth in any of the claims. The claims call merely for a crease or channel in the turned-over end of the cardboard, which crease or channel would, of course, be caused by the countersinking of the staple in the turned-over end of the cardboard while the tongue or cover flap is in closed position.

Claims 10, 11, 12, and 13 differ from claim 9 in the manner hereinbefore stated, claim 10 differing from claim 9 only in that it calls for providing the end of the tongue or cover flap with frictional material. That feature in appellant's match book might, to some extent, aid by means of friction in holding the tongue or cover flap more securely in closed position. However, we think that whatever advantage might be obtained by this arrangement would be obvious to one skilled in the art.

One of the reasons stated by appellant for having the frictional material on the end of the tongue or cover flap is to insure the replacement of the cover to a closed position before striking the match. That advantage is also secured where the frictional material is on the back surface of the cardboard cover. (It is conceded in appellant's application that it is old to place the abrasive or frictional material on the back surface of the match book.)

Claims 11, 12, and 13, as hereinbefore noted, call merely for slightly varying the position of the countersunk or partially countersunk U-shaped staple.

We have given the arguments presented by appellant very careful consideration, but are unable to hold that the appealed claims define invention over the disclosure in the patent to Freedman.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.